**Henry Odell CALLIS, as Guardian and as Guardian ad Litem of David Manuel Mendez, an infant,**

**and**

**Odell Callis, as Admr. of the Estate of Ann Janet Callis Mendez, deceased,**

**and**

**James H. Bateman, Admr. of the Estate of Manuel Enric Mendez Cuevas, deceased, Plaintiffs-Appellants,**

**v.**

**The LONG ISLAND RAILROAD COMPANY, Defendant-Appellee.**

No. 262, Docket 30349.

United States Court of Appeals Second Circuit.

Argued Dec. 15, 1966.

Decided Feb. 14, 1967.

---

2. 28 U.S.C.A. § 1292.

3. 28 U.S.C.A. § 1291.

Milton G. Sincoff, Harry E. Kreindler, Paul S. Edelman, Kreindler & Kreindler, New York City, for plaintiffs-appellants.

William F. McNulty, New York City, Paul J. Donnelly, Jr., George M. Onken, Jamaica, N. Y., for defendant-appellee.

Before WATERMAN, MOORE and KAUFMAN, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the United States District Court for the Eastern District of New York, wherein the trial judge granted a motion for a directed verdict against appellants and dismissed their complaint. Appellants seek a remand for a new trial.

This action arises out of a railroad grade crossing accident when an automobile in which Manuel Enric Mendez Cuevas, his wife Ann Mendez, and infant son David Mendez, were traveling, collided with one of appellee's trains. The accident occurred at about 4 P. M. on October 13, 1960 at a crossing maintained by the appellee on Mill Road in the town of Riverhead, Suffolk County, New York. Cuevas's car approached the crossing from the south and while on it was struck by a train proceeding from east to west. Cuevas and his wife were killed and their son was injured in the collision. The action was brought in federal court by the administrators of Manuel and Ann and the guardian of David. Jurisdiction was based on diversity of citizenship.

After plaintiffs presented their case defendant rested without producing any witnesses and moved for a directed verdict. The court granted the motion because it found no evidence of defendant's negligence requiring submission of the case to the jury. We agree with this disposition and will comment only briefly on the several claims of negligence advanced by the appellants.

Appellants tried to establish that Cuevas's view of the approaching train was obstructed by various obstacles, but their expert Covello admitted that from a point fifty feet south of the crossing to the crossing there was unobstructed, unlimited visibility to the east along the tracks. This is an ample unobstructed view for a driver who properly looks along the track to see if a train is approaching before he proceeds to cross at a grade crossing.

■ Another claim of negligence that appellant raises is that the train was negligently proceeding at an excessive speed. The only testimony with reference to the speed of the train was that of the engineer Edgar that the train was going about 52 miles per hour, and that of Bonis, a driver behind Cuevas, that the train was going "very fast." We find no basis from this testimony to conclude that the train might have been exceeding a normal operating speed for the crossing.

■ Appellants also claim defendant was negligent in failing to give the required warning of the approach of the train by sounding its whistle. The testimony relevant to this is that of the engineer Edgar who stated that he blew the whistle continuously from the whistling post 1400 feet east of the crossing until the accident occurred, and the testimony of motorist Bonis that he had no recollection of hearing a whistle or bell. The trial court concluded that Bonis's lack of any recollection at all as to this matter was so indefinite and uncertain as to have no probative value. We agree. It would seem that any finding that appellee failed to sound a warning solely on this testimony would be only speculation.

■ Appellants also claim that there is a proper issue for jury determination relative to the inadequacy of the warning devices at the crossing. The warning devices were those required by the New York Public Service Commission and thus were sufficient.

■ Additionally, plaintiffs maintain that they are entitled to a new trial because the court excluded evidence that other accidents had occurred at the crossing. Proof that these prior accidents had occurred was properly excluded because plaintiffs failed to show that those accidents occurred under conditions similar to this accident and no proper foundation for admission of the offered evidence was laid.

Affirmed.